# Third District Court of Appeal

## State of Florida

Opinion filed May 31, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2374
Lower Tribunal No. F15-4934
_____

**Alejandro Tarrau,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ramiro C. Areces, Judge.

Carlos J. Martinez, Public Defender and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General and Magaly Rodriguez, Assistant Attorney General, for appellee.

Before SCALES, MILLER and LOBREE, JJ.

PER CURIAM.

Affirmed.

SCALES, J. concurring.

I concur in affirming the revocation of appellant Alejandro Tarrau's probation but write only to express my concern regarding the trial court's declining to allow Tarrau to sit next to his attorney, at counsel's table, during Tarrau's probation revocation hearing.

At the beginning of Tarrau's November 4, 2021 probation revocation evidentiary hearing (at which both Tarrau and his probation officer testified), Tarrau's counsel requested that Tarrau be allowed to sit next to counsel to assist in counsel's representation of him. Instead, pursuant to what appears to be a policy of the Florida Department of Corrections ("Corrections"), Tarrau was seated in the jury box, approximately fifteen feet away from defense counsel's table. As evidenced by the following colloquy, it appears the trial court deferred counsel's request to Corrections:

> THE COURT: Any issue with Mr. Tarrau sitting with his attorneys?
>
> CORRECTIONS SERGEANT: Yes
>
> THE COURT: Okay. What is the issue?
>
> CORRECTIONS SERGEANT: We don't do that, Judge.

2

THE COURT: Okay.

CORRECTIONS SERGEANT: Only during trials.

THE COURT: Okay. All right.

Ultimately, the trial court found that Tarrau had violated the terms of his probation and sentenced Tarrau to twenty-two years in prison followed by one year of community control. In this appeal, Tarrau challenges neither the trial court's probation violation finding nor the resulting sentence. Rather, Tarrau argues that the proceedings were structurally infirm[1] because the trial court, by denying Tarrau's counsel's seating request, denied Tarrau the effective assistance of counsel. Because Tarrau cites to no authority supporting his constitutional deprivation of counsel claim in these circumstances, I agree with affirmance. See United States v. Tagilaferro, 531 F. Supp. 3d 844, 852 (S.D. N.Y. 2021) (finding that the district court's social distancing requirement, which prohibited defendant from being seated at counsel's table, was not a violation of defendant's Sixth Amendment right to communicate with counsel).

---

[1] A structural error is an error that affects the framework within which a criminal trial proceeds. A structural error is a defect in the trial process itself, which deprives a defendant of a basic protection and is not susceptible to a harmless error analysis. Neder v. United States, 527 U.S. 1, 8-9 (1999).

But as this Court clearly stated in <u>Gonzalez v. State</u>, 343 So. 3d 166, 171 (Fla. 3d DCA 2022), and, as the State commendably conceded at oral argument, "in most settings and under most circumstances, it is probably optimal to have counsel sitting next to the defendant at the same table." While there are circumstances that may warrant a variance from the optimal seating arrangement described in <u>Gonzalez</u>,[2] in my view, it is incumbent upon the trial court to identify those circumstances that justify precluding a client from sitting next to his or her attorney during an evidentiary hearing. <u>See</u> <u>United States v. Sorrentino</u>, 726 F.2d 876,887 (1st Cir. 1984) (holding that the trial court should articulate a reason, such as security or practicality, for separating a defendant from counsel's table, though finding "no evidence that the [separate] seating arrangement prevented or unduly hindered communication between defendant and his counsel").

---

[2] For example, the practicalities of a small courtroom and security concerns led the First Circuit Court of Appeals to uphold a trial court's decision to seat criminal defendants in the spectator section of the courtroom rather than at counsel's table. <u>United States v. Balsam</u>, 203 F.3d 72, 81-82 (1st Cir. 2000). Similarly, the health and safety concerns of the COVID-19 pandemic have given rise to remote hearings with sufficient procedural safeguards in which counsel and client were not seated next to each other but, instead, were connected by a videoconferencing platform. <u>See, e.g.</u>, <u>Brown v. State</u>, 335 So. 3d 123, 130 (Fla. 4th DCA 2022); <u>Gonzalez</u>, 343 So. 3d at 170-71.

Put another way, the default seating arrangement for an evidentiary hearing should be the one <u>Gonzalez</u> describes as optimal, and the decision to deviate from this default position should be that of the trial court, after due consideration and articulation of those reasonable factors warranting such deviation.